T.C. Summary Opinion 2003-119

UNITED STATES TAX COURT

WING Y. KWAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1663-02S.                    Filed August 27, 2003.

Wing Y. Kwan, pro se.

<u>Andrew R. Moore</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,910 and an

accuracy-related penalty under section 6662(a) of $582 in petitioner's 1998 Federal income tax. After a concession by petitioner of his failure to report income from a State income tax refund in the amount of $3,603, this Court must decide: (1) Whether petitioner is entitled to deduct expenses claimed on Schedule C, Profit or Loss From Business, and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in San Francisco, California, at the time he filed his petition.

During taxable year 1998, petitioner Wing Y. Kwan (petitioner) was employed full-time as an electrical engineer by the State of California. He purportedly was involved in a travel agent business and in a computer-assisted design business. In connection with these purported businesses, petitioner attached a Schedule C to his 1998 Form 1040, U.S. Individual Income Tax Return. Respondent disallowed deductions claimed on the Schedule C because petitioner did not establish that the claimed expenses in excess of the amounts allowed were ordinary and necessary business expenses paid or incurred in 1998.

On the Schedule C, petitioner reported gross income of $-0- and a net loss of $29,632. Respondent disallowed deductions claimed on that Schedule C for car and truck expenses of $1,395,

depreciation expense/section 179 expenses of $9,986, and rent expense of $4,400.

Respondent contends that the documents offered by petitioner provide insufficient evidence to support the claimed deductions. Section 7491 is inapplicable here because petitioner has not complied with the requisite substantiation requirements. Sec. 7491(a)(2)(A).

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Taxpayers, however, must maintain sufficient records to establish the amount of claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property defined under section 280F(d)(4). Listed property includes, inter alia, automobiles and computers. Sec. 280F(d)(4)(A). To deduct expenses for such listed property, including depreciation, taxpayers must substantiate by adequate records the following items: The amount of each separate expenditure, the listed property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book,

diary, log, statement of expense, trip sheet or similar record, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Each recording of an element of an expenditure or use must be made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Alternatively, a taxpayer who is unable to satisfy the adequate records requirement is still entitled to a deduction for expenses that he can substantiate with other corroborative evidence. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Moreover, when section 274(d) applies, as here, this Court cannot rely on Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), to estimate the taxpayer's expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner had no books of account or other records concerning his alleged businesses or any evidence of the expenditures in issue. Petitioner relied on his own testimony.

Petitioner claimed that he found customers for the travel agents at Sun Trips Travel (Sun Trips), San Jose, California. Petitioner had no client lists. Petitioner admitted that Sun Trips did not require him to pick up the tickets. Petitioner

said: "They can mail it to your office." Petitioner also admitted that "I didn't do a lot of travel business." Yet, he provided a reconstructed mileage log prepared for the auditor with 44 purported trips for "Sun Trips Pick up ticket". He had no original records from which he prepared this reconstruction. The mileage between petitioner's address in San Francisco and Sun Trips's address in San Jose is 46.8 miles, so the 120 mile round trips on the so-called log are overstated in any event. Respondent states that petitioner was allowed 44 trips for 94 miles and a miscellaneous deduction for other mileage. We believe respondent was generous. For the other mileage, petitioner relied essentially on his own testimony as to the business purpose of these alleged expenses, as well as for the other expenses in issue. It is well established that this Court is not bound to accept a taxpayer's self-serving, unverified, and undocumented testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. 540 F.2d 821 (5th Cir. 1976). We find petitioner's testimony to be just that, self-serving, unverified, and undocumented. We agree with respondent that petitioner did not prove that the disallowed car and truck expenses represent ordinary and necessary business expenses or that such expenses were paid in 1998.

The depreciation/section 179 issue turns on petitioner's claims relating to the purchase of a computer and computer

equipment. This Court ruled in <u>Kwan v. Commissioner</u>, T.C. Summary Opinion 2002-16, that petitioner was not entitled to any section 179 expense deduction for 1997 with respect to computers and computer equipment. Nevertheless, petitioner carried over $1,616 as a "deduction for 1997." This is improper on its face. Petitioner had a collection of computer and computer equipment receipts. Respondent allowed petitioner a deduction of $1,465 on this issue. Petitioner did not show any credible business reason for the purchase of an additional computer and computer equipment to satisfy the requirement that the expenses were ordinary and necessary. In any event, because petitioner had no taxable income from a trade or business, he is not entitled to a section 179 deduction. Sec. 179(b)(3)(A). Accordingly, respondent's determination on this issue is sustained.

Respondent also allowed $2,200 of the $6,600 claimed as rent expense and disallowed the remaining $4,400 because petitioner did not establish that that amount was an ordinary and necessary business expense paid in 1998. Petitioner placed in evidence one lease running through March 31, 1998, which we assume continued on a month-to-month basis through August, and another lease for the remainder of the year.

Petitioner admitted that there were other businesses that used the address covered by the second lease. Petitioner did not prove that he paid all the amounts in issue. Nor did he provide

a credible explanation as to why the entire business premises were needed for business purposes.  On this record, we uphold respondent's disallowance of the $4,400 because petitioner did not establish that that amount was an ordinary and necessary business expense paid in 1998.

As to the accuracy-related penalty, section 6662(a) imposes a 20-percent penalty on the portion of any underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1).  Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Moreover, negligence is the failure to exercise due care or failure to do what a reasonable and prudent person would do under the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.  No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.  Sec. 6664(c).

On this record, we conclude that petitioner is liable for

the accuracy-related penalty under section 6662(a) as imposed by respondent. Respondent has satisfied his burden of production under section 7491(c). <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Petitioner has failed to provide any reasonable explanation or credible evidence to substantiate entitlement to the claimed deductions. Such actions are not those of a reasonable and prudent person under the circumstances.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.